354

Argued November 23, reversed December 23, 1970, petition for rehearing denied January 12, petition for review denied February 9, 1971

HOVET, *Respondent, v.* MYERS, *Appellant.*

478 P2d 435

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Charles O. Porter*, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

SCHWAB, C. J.

This is an appeal in a suit for declaratory judgment and supplemental relief brought by the plaintiff against the defendant in his official capacity as Secretary of State. The plaintiff sought a judgment declaring and adjudicating the duties of the defendant under ORS 246.110 and 246.120 with respect to the issuance of directives and instructions to the county clerks concerning the election laws of the state.

The defendant demurred to the complaint, asserting, among other grounds, that the court lacked jurisdiction in that the suit was against the State of Oregon and the state had not consented to the action, and that it appeared upon the face of the complaint that there was not a justiciable controversy. The court overruled the defendant's demurrer and, after the defendant filed notice that he did not intend to plead further, the court entered a declaratory judgment granting the relief prayed for in the complaint. The defendant appeals therefrom.

ORS 246.120 directs the Secretary of State to prepare and distribute to each county clerk:

"* * * [D]etailed and comprehensive written directives and instructions relating to and based upon the election laws as they apply to elections, registration of electors and voting procedures * * *."

At no place does the plaintiff allege that the defend-

ant has not prepared instructions to the county clerks pursuant to ORS 246.120. Rather, he feels that the directives and instructions that the defendant prepared were not complete and that further directives should be issued to clear up ambiguities that he has discovered in the election laws.

For example, the plaintiff contends that ORS 250.545 states that "tally sheets, ballots, ballot stubs, ballot boxes and written statements of challenge * * * shall be placed in a secure area * * *," but that nowhere in his directives and instructions to the county clerks does the defendant define what is meant by the phrase "in a secure area."

1, 2. As laudable as may be the plaintiff's intentions, this court and the court below do not have jurisdiction to hear his complaint.[1] The range of issues that may be reviewed by the judiciary in suits contesting the exercise of delegated legislative powers is narrow.

> "* * * Only questions of constitutionality, statutory authority, and basic prerequisites of proof can be raised * * *." *Ore. Newspaper Pub. v. Peterson*, 244 Or 116, 122, 415 P2d 21 (1966).

This is not a suit involving any of those areas. It is not a suit in which the plaintiff is asking the court to command the defendant to perform his statutory duty. The plaintiff does not contend that the defendant has not carried out the mandate of ORS 246.120. Rather, plaintiff is asking the court to tell the defendant to perform his functions in a manner more consistent with plaintiff's ideas of excellence. That task courts cannot perform.

Reversed.

---

[1] We do not reach the question of plaintiff's standing to sue in this case.